**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-5135

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WEBB POWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:10-cr-00050-MR-1)

Submitted:  June 20, 2012          Decided:  June 29, 2012

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed in part, dismissed in part, vacated in part, and
remanded by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.
Anne M. Tompkins, United States Attorney, Richard L. Edwards,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Webb Powell pled guilty, pursuant to a written plea agreement, to possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2256(a)(4)(B) (2006). The district court sentenced Powell to sixty-three months' imprisonment, followed by supervised release for life. The court also directed that Powell reimburse the United States for the costs of his appointed counsel. On appeal, Powell argues that the district court erred by applying a two-level sentencing enhancement for possession of material involving prepubescent minors and a two-level sentencing enhancement for using a computer, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(b) (2010). In addition, Powell argues that the order requiring him to reimburse the government for his court-appointed attorneys' fees was erroneous.

In response, the Government argues that Powell's sentencing challenges are barred by the appellate waiver provision in his plea agreement, which precludes appeal of "whatever sentence is imposed," except on grounds of ineffective assistance of counsel or prosecutorial misconduct. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of

a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Powell does not question whether he knowingly and intelligently waived his right to appeal his sentence; instead, he challenges the scope of his appellate waiver, arguing that he did not waive the right to appeal the sentencing enhancements at issue, as he filed a sentencing memorandum contesting the enhancements prior to sentencing, which the court had not yet considered when it accepted his guilty plea. However, Powell miscomprehends the scope of the waiver provision. In the plea agreement, Powell agreed to waive his right to appeal "whatever sentence is imposed," reserving the right to appeal solely on grounds of ineffective assistance of counsel or prosecutorial misconduct. Although Powell objected to the sentencing enhancements set forth in the presentence report prior to sentencing and the court had not yet considered his arguments when it accepted his guilty plea, this does not alter the fact that Powell entered a valid and enforceable waiver. Because Powell's sentencing challenges fall within the scope of the waiver provision in his plea agreement, this court is precluded

3

from considering his sentencing arguments on appeal. We therefore dismiss Powell's appeal as it relates to his sixty-three-month sentence of imprisonment.

Turning to Powell's challenge to the district court's order directing reimbursement of court-appointed attorneys' fees, courts are authorized to require repayment of funds for appointed counsel upon a finding that "funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f) (2006). In United States v. Moore, 666 F.3d 313, 322 (4th Cir. 2012), this court ruled that "the district court must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees."

In this case, the district court made no finding as to the availability of funds to pay for the reimbursement of Powell's court-appointed attorneys' fees. Instead, as in Moore, the court found that Powell did not have the ability to pay a fine or interest, but ordered Powell to pay for his court-appointed attorneys' fees. Moore, 666 F.3d at 323. As the Government acknowledges, the district court therefore failed to

4

comply with the statutory mandate of 18 U.S.C. § 3006A(f) in light of Moore.[*]

Accordingly, while we dismiss Powell's challenge to all other aspects of his sentence, we vacate the portion of the district court's judgment relating to the reimbursement of attorneys' fees and remand to the district court for proceedings consistent with our decision in Moore. We affirm Powell's conviction, which he does not challenge on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
DISMISSED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] We note that Moore had not yet issued as of the date of Powell's sentencing.

5